**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| THARO SYSTEMS, INC. ) | |
| ) | CASE NO. 1:03 CV 0419 |
| Plaintiff, ) | |
| ) | |
| v. ) | MAGISTRATE JUDGE VECCHIARELLI |
| ) | |
| CAB PRODUKTTECHNIK ) | |
| ) | |
| Defendant. ) | **MEMORANDUM OPINION & ORDER** |
| ) | **RE: COSTS** |

This case is before the Magistrate Judge upon consent of the parties. Pending before this Court is Plaintiff's Motion for Costs Pursuant to Fed. R. Civ. P. 54(d). (Doc. No. 171.) Defendant filed objections. (Doc. No. 188.) Plaintiff filed a reply. (Doc. No. 193.)

**I. Legal Standard**

Rule 54(d)(1) allows costs, other than attorneys' fees, to be awarded to the prevailing party unless the court directs otherwise. However, absent a specific statute or contractual authority, only items enumerated in 28 U.S.C. § 1920 ("§ 1920") may be taxed as costs.[1] *Crawford Fitting Co. v.*

---

[1] 28 U.S.C. §1920, Taxation of Costs, provides as follows:

A judge or clerk of any court of the United States may tax as costs, the following:
(1) Fees of the clerk and marshal;

*J.T. Gibbons, Inc.,* 482 U.S. 437 (1987). The language of Rule 54(d) creates a presumption in favor of awarding § 1920 costs to the prevailing party, but allows a court the discretion to deny such costs based upon appropriate factors. *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The party opposing costs bears "some burden of showing circumstances sufficient to overcome the presumption." *Baez v. United States Dept. of Justice,* 684 F.2d 999, 1004 (D.C. Cir. 1982).

Plaintiff's costs detail is examined below in the context of Defendant's objections and with reference to § 1920 and relevant case law.

## II. Analysis

**A.    Subpoenas**

Plaintiff seeks $142.90 for subpoena costs. Defendant does not object. Accordingly, these costs are awarded to Plaintiff.

**B.    Depositions**

Plaintiff requested an initial total of $16,074.17. After review of Defendant's objections,

---

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.
   A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Plaintiff agreed that it should not be awarded expert witness deposition fees and, therefore, reduced its request to $13,392.17.

Defendant's only remaining objection pertains to Plaintiff's request for $3,682.04 in travel and lodging expenses of a court reporter who traveled to Germany for several depositions. Here, there is no dispute over the award of direct deposition costs. Indeed, §1920(2) and (4) have been interpreted to authorize taxing as costs the necessarily incurred expenses of taking, transcribing, and reproducing depositions. *See Sales v. Marshal*, 873 F.2d 115, 120 (6th Cir. 1989).

Where direct deposition costs are awarded, costs "incidental" to the taking of depositions may also be awarded. *See Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). Such incidentals may include the fee of the court reporter used for the deposition. *Id.*; *see also Dolenz v. Land'Or*, 1990 WL 15682, at **1 (4th Cir. Feb. 12, 1990). Here, the court reporter was retained and brought to Germany because no local court reporters were available. The court reporter included travel and lodging expenses as part of her fee. As such, the travel and lodging expenses of the court reporter used for depositions in Germany were costs necessarily obtained for use in the case.

Accordingly, Defendant's objection is overruled. Plaintiff is awarded $13,392.17.

**C.     Translator/Interpreter Fees**

Plaintiff seeks $14,437.47. Of this amount, $8,893.12 is the fee of an interpreter used during the depositions taken in Germany. Defendant objects to any portion of this fee attributable to travel expenses, finance charges, or similar items. As Defendant does not object to the deposition costs, necessary incidentals to such costs are also recoverable. Accordingly, this objection is overruled for the reasons stated above relating to travel and lodging expenses included in court reporter fees.

Defendant also objects to $2,507.00 in fees for document translation. Section 1920(6) allows recovery of costs for the "compensation of interpreters." Accordingly, courts have awarded costs for translating documents where such translation was necessary. *See Slagenweit v. Slagenweit*, 62 F.3d 719, 721 (8th Cir. 1995); *Chore-Time Equip. v. Cumberland Corp.*, 713 F.2d 774, 782 (Fed. Cir. 1983); *Lockett v. Hellenic Sea Transports, Ltd.*, 60 F.R.D. 469, 473 (E.D. Pa. 1973). Here, it was necessary to translate German documents both for use at trial and to determine if such documents should be used at trial. Thus, the translation costs were necessary and reimbursable. Defendant's objection is overruled.

### D.  Document Reproduction and Management

Plaintiff initially requested $10,709.27 and, after reviewing Defendant's objections, agrees it should not recover $450.00 in forensic analysis. Defendant objects to $1,817.00 in trial preparation costs because Plaintiff initially failed to specify the reason for such expenses. Plaintiff has since stated that the $1,817.00 was the fee for demonstrative exhibits. Charts and diagrams used at trial are properly taxed items. *See, e.g., Deaton v. Dreis & Krump Mfg. Co.*, 134 F.R.D. 219, 234 (N.D. Ohio 1991). Accordingly, Plaintiff shall be reimbursed for the $1,817.00 fee incurred for demonstrative exhibits.

Defendant also objects to the $2,100.77 in fees incurred as a result of document scanning. Costs of copies of exhibits used at trial are "necessarily obtained for use in the case" and, therefore, reimbursable. 28 U.S.C. §1920(4); *Deaton*, 134 F.R.D. at 223. The trial in this case was located in a courtroom with electronic presentation capabilities; and Plaintiff utilized this technology in an effective and efficient manner.

However, Plaintiff's request for $2,100.77 in scanning costs appears too high. In this Court's experience, the cost of electronic scanning is no more than $0.30 per page. At $0.30 per page, Plaintiff would have had to scan approximately 7000 pages to reach a total cost of $2,100.77. Plaintiff is only entitled to the scanning costs of those pages actually used at trial. This Court will not speculate as to the number of pages used at trial. Clearly, the number of pages introduced at trial was much less than 7000 pages. Plaintiff had the burden to break down its scanning costs so as to account for all scanned pages used at trial. It did not do so. Without this information, and in light of the excessive amount requested, Plaintiff is not entitled to the cost of computer scanning. Defendant's objection is sustained and Plaintiff's request is reduced by $2,100.77.

**E.  Trial Transcripts and Fees**

Plaintiff seeks $3,187.35. Defendant objects to the trial transcript fees, totaling $3,147.35. Transcripts of trial proceedings are taxable if the transcript was "necessarily obtained for use in the case." 28 U.S.C. §1920(2); 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2677, at 439-43 (3d. ed. 1998). Costs will not be assessed if the transcript was procured merely for counsel's convenience. *Id.* at 440. Several factors must be weighed in determining whether the transcript was necessary, including: length of the trial, complexity of the issues, whether the transcript would clarify or minimize disputes over witness testimony, whether portions were introduced in later hearings, and whether the case was tried to the court or before a jury. *Id.* at 442-43.

Defendant filed a Rule 50(b) motion in this case, which raised several complex issues of law and fact. (*See* Doc. Nos. 175, 189, 194, 198.) In ruling on said motion, it was necessary for this

-5-

Court to extensively review and analyze the trial transcripts. Most of this Court's transcript review was guided by the parties's citation in their briefs to certain testimony. This Court is of the opinion that if the parties, in particular Plaintiff, did not have access to the trial transcripts, this Court would not have been able to efficiently and fairly rule on the Rule 50(b) motion. As such, the trial transcripts were "necessarily obtained for use in the case." 28 U.S.C. §1920(2). Defendant's objection is overruled.

**F.  Miscellaneous**

Plaintiff initially sought $375.00 and, after reviewing Defendant's objections, agrees it should not recover $225.00 in mediation fees. The Defendant does not object to the remaining $150.00 in case filing fees. Accordingly, Plaintiff is awarded $150.00.

## III. Conclusion

The following chart summarizes the amounts awarded as costs in favor of Plaintiff and against Defendant:

| ITEM | AMENDED AMOUNT REQUESTED | AMOUNT APPROVED |
|---|---|---|
| Subpoenas | $    142.90 | $    142.90 |
| Depositions | $ 13,392.17 | $ 13,392.17 |
| Translator/Interpreter Fees | $ 14,437.47 | $ 14,437.47 |
| Document Reproduction and Management | $ 10,259.27 | $  8,158.50 |
| Trial Transcripts and Fees | $  3,187.35 | $  3,187.35 |
| Miscellaneous | $    150.00 | $    150.00 |
| TOTAL: | $ 41,569.16 | $ 39,468.39 |

For the foregoing reasons, Plaintiff is awarded costs in the amount of $39,468.39.

IT IS SO ORDERED.

/s/Nancy A. Vecchiarelli
U.S. Magistrate Judge

Date: May 10, 2005