# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| THARO SYSTEMS, INC. | ) | CASE NO.   1:03 CV 0419 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| CAB PRODUKTTECHNIK | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

On October 19, 2004, Plaintiff, Tharo Systems, Inc. ("Tharo") filed a post-trial motion for prejudgment interest. (Doc. No. 172.)  Defendant, cab Produkttechnik ("cab"), filed a response brief raising several legal arguments. (Doc. No. 190.)  Additionally, on November 23, 2004, this Court heard oral argument on this matter. (Doc. No. 195.)

Based on all arguments presented by the parties, this Court issued an opinion rejecting cab's legal arguments. (Doc. No. 199.)  This Court concluded that Tharo was entitled to prejudgment interest on both Count Two and Count Three; however, because the original judgment entry had been vacated, and the Count Three damages award reduced, this Court allowed Tharo to submit an updated calculation of prejudgment interest for each count. (*See* Doc. Nos. 198, 200.)

On April 21, 2005, Tharo submitted its recalculations. (Doc. No. 201.)  The only issue this Court intended to address at this point of the proceedings was the accuracy of the calculations.  cab,

however, did not challenge the new calculations, but instead opted to submit some of its previously denied legal arguments regarding Tharo's entitlement to prejudgment interest. (Doc. No. 203.) Accordingly, cab has waived any challenge to Tharo's prejudgment interest calculations. Further, cab's objection on the merits is not an appropriate response to Tharo's recalculations; rather, cab's objection is an improperly submitted motion for reconsideration.[1]

As this Court already has ruled, Tharo is entitled to prejudgment interest under ORC § 1343.03(A) on Count Two damages. *See Local Marketing Corp. v. Prudential Ins. Co. of A*m., 824 N.E.2d 122, 126, 159 Ohio App.3d 410, 415 (2004). The only evidence submitted regarding prejudgment interest on Count Two damages was the unopposed Declaration of Robert Brlas (Doc. No. 201, Declaration of Robert Brlas ("Brlas Decl.") ¶¶ 6, 8(a).) According to Mr. Brlas: prejudgment interest on Count Two through October 6, 2004 was $425,339.00 (Brlas Decl. ¶ 6); the total additional prejudgment interest from October 7, 2004 through May 1, 2005 was $24,173.00 (Brlas Decl. ¶ 8(a)); and prejudgment interest for each day after May 1, 2005 was $117.00. (*Id.*) Thus, **Tharo is awarded prejudgment interest on Count Two in the amount of $453,022.00.**[2]

---

[1] Relying on the unpublished opinion of *RPM, Inc. v. Oatey Co.*, 2005 WL 663057 (Ohio Ct. App. March 23, 2005), cab again raises the previously rejected argument that ORC § 1343.03(A) does not provide the basis for prejudgment interest on either Count Two or Count Three. The crux of *RPM* and cab's argument is that ORC § 1343.03(A) entitles a party to prejudgment interest on a breach of contract claim only where the contract provides for the payment of money to the non-breaching party. Thus, cab alleges, because neither the Count Two nor Count Three damages resulted from cab's failure to pay money to Tharo, prejudgment interest is not recoverable.

[2] This amount was calculated as follows: $425,339.00 + $24,173.00 + (30 days * $117.00).

Regarding prejudgment interest on Count Three damages, the law in Ohio is admittedly unclear and in flux. *Compare RPM, Inc.*, 2005 WL 663057, at *13-15 (where money is not due and payable under a contract, non-breaching party is not entitled to prejudgment interest) *with Online Logistics, Inc. v. Amerisource Corp.*, 2003 WL 22311121, at *8-9 (Ohio Ct. App. Oct. 9, 2003) (non-breaching party awarded prejudgment interest on lost profits damages). Absent clear and binding Ohio law to the contrary, this Court will not revisit or reverse its previous Order. Based on the unchallenged Declaration of Robert Brlas (Doc. No. 201): prejudgment interest on the remitted Count Three damages through October 6, 2004 was $216,765.00 (Brlas Decl. ¶ 7); the total additional prejudgment interest from October 7, 2004 through May 1, 2005 was $40,081.00 (Brlas Decl. ¶ 8(b)); and prejudgment interest for each day after May 1, 2005 was $194.00. (*Id.*) Thus, **Tharo is awarded prejudgment interest on Count Three in the amount of $262,666.00.**[3]

**IT IS SO ORDERED.**

/s/Nancy A. Vecchiarelli
U.S. Magistrate Judge

Date: June 1, 2005

---

[3]This amount was calculated as follows: $216,765.00 + $40,081.00 + (30 days * $194.00).